UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RYMAN AND ERIN BUSBY                                                    PLAINTIFFS

V.                                                    CIVIL ACTION NO. 3:14cv612 DPJ-FKB

BRUCE MASSEY CONSTRUCTION, LLC and
DAVID BREWER                                                           DEFENDANTS

ORDER

        This Complaint to Confirm an Arbitration Award is before the Court on Plaintiffs Ryman

and Erin Busby's Motion for Summary Judgment [12] and Defendants Bruce Massey

Construction, LLC and David Brewer's Motion to Dismiss [15].  The parties have responded in

opposition.  The Court, having considered the parties' submissions along with the pertinent

authorities, finds that subject-matter jurisdiction is lacking and Defendants' Motion to Dismiss

[15] should be granted.

I.       Facts and Procedural History

        Plaintiffs Ryman and Erin Busby entered into a $479,000 construction contract with

Defendants Bruce Massey Construction and David A. Brewer to build a home in Louisiana.  A

dispute arose as to the spacing of roof rafters, and the parties submitted to binding arbitration.

The arbitrator awarded the Busbys approximately $48,000 on November 14, 2013.[1]  Nine months

later, the Busbys filed this action to confirm the arbitration award, citing jurisdiction based on

diversity of citizenship.  Defendants filed a motion to dismiss based on lack of subject-matter

jurisdiction, contending that the amount-in-controversy requirement is not met.

_____

        [1] *See* Defs.' Mem. [13] at 6 (seeking $48,460.62 plus interest).

II      Analysis

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  There is a presumption against exercising federal jurisdiction, and the burden to establish federal jurisdiction is on the party seeking the federal forum.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  If the Court determines that it lacks subject-matter jurisdiction, the case must be dismissed.  *See* Fed. R. Civ. P. 12(h)(3).

The Federal Arbitration Act does not confer jurisdiction.  *Smith v. Rush Retail Ctrs., Inc.*, 360 F.3d 504, 505 (5th Cir. 2004).  Thus, district court is authorized to hear arbitration-related matters only if an independent jurisdictional basis is present.  *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009).  So the Busbys must prove that jurisdiction based on diversity of citizenship exists.  The diverse citizenship of the parties is uncontested, but the amount in controversy is in dispute.

As previously noted, the original contract exceeded the jurisdictional threshold, but the arbitration award for which Plaintiffs seek confirmation is well below that amount.  There are two relevant approaches to this issue.  The "award approach" looks at the underlying arbitration award; the "demand approach" looks at the amount sought in the underlying arbitration, regardless of the amount awarded.[2]  *Pershing, LLC v. Kiebach*, No. 14-2549, 2015 WL 1841143,

---

[2]  A third approach, the "remand approach," applies if the petition includes a request to remand and reopen the arbitration proceeding.  Neither party advances the remand approach here.

2

at *2 (E.D. La., April 22, 2015).   Here, the award approach results in dismissal for lack of jurisdiction, the demand approach arguably does not.

There is a split among the circuits as to which approach is appropriate, and the Fifth Circuit has not considered the issue.  *See Karsner v. Lothian*, 532 F.3d 876, 882  83 (D.C. Cir. 2008) (acknowledging split); *Pershing, LLC*, 2015 WL 1841143, at *2 (same and noting that Fifth Circuit has not considered the issue).  The Sixth and Eleventh circuits have adopted the award approach.  *See Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1472 (11th Cir. 1997) (affirming dismissal where the plaintiff sought vacatur of a $36,284.69 arbitration award); *Ford v. Hamilton Invs., Inc.*, 29 F.3d 255, 260 (6th Cir. 1994) (remanding case with instructions to dismiss action to vacate arbitration award of approximately $30,000).  The Ninth and D.C. Circuits have adopted the demand approach.  *See Karsner*, 532 F.3d at 282 (finding jurisdiction exists where the plaintiff had sought over $100,000 in arbitration); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Moore*, 171 F. App'x 545, 546 (9th Cir. 2006) (looking to the amount at stake in the underlying litigation, not the amount of the arbitration award).

In this district, Judge Tom Lee favored the demand approach in *U-Save Auto Rental of America v. Furlo*, 608 F. Supp. 2d 718 (S.D. Miss. 2009).  But *U-Save Auto Rental* was in a significantly different posture.  There, the plaintiff had originally filed a complaint seeking to compel arbitration of a claim for over $250,000.  *Id.* at 720.  Judge Lee entered an Agreed Order to Arbitrate, and the case returned on application for confirmation of a $23,625 arbitration award. *Id.*  Judge Lee noted that because the original claim had been for $250,000, the Court clearly had jurisdiction to compel arbitration, but acknowledged the question of jurisdiction over the

subsequent application to confirm. *Id.* Judge Lee then considered the award and demand

approaches, finding the demand approach "has merit." *Id.* at 721. He noted, however, that

> even if the Fifth Circuit were to conclude that the amount of the arbitrator's award
> controlled the amount in controversy in an action to confirm or vacate an
> arbitration award which is brought separate from the original action to compel
> arbitration, the court is of the opinion that jurisdiction is proper in this case since
> the application to confirm the arbitration award is brought in and as part of the
> original action to compel arbitration.

*Id.* at 722 23. On appeal, the Fifth Circuit latched onto Judge Lee's alternative holding, noting

that "[o]nce the district court determined its jurisdiction for the purpose of ordering arbitration, it

properly could retain jurisdiction to resolve any issues stemming from its order, including the

enforcement of the award." *U-Save Auto Rental of Am. Inc. v. Furlo*, 368 F. App'x 601, 602 (5th

Cir. 2010).

By contrast, the instant case is a separate action filed purely to confirm an approximately

$48,000 arbitration award. Indeed, the Busby's Complaint never mentions the dollar amount of

the original demand at arbitration. Compl. [1]. Thus, on the date suit was filed, there was no

dispute between the parties for an amount in excess of $75,000. *See Hensgens v. Deere & Co.*,

833 F.2d 1179, 1180 (5th Cir. 1987) ("Generally, jurisdiction is determined at the time the suit is

filed.") (citation omitted). Because "statutes conferring jurisdiction on federal courts are to be

strictly construed, and doubts resolved against federal jurisdiction," *Boelens v. Redman Homes,*

*Inc*, 748 F.2d 1058, 1067 (5th Cir. 1984), the Court adopts the award approach in this context.

This finding is consistent with holdings by other district courts within the Fifth Circuit

considering actions to confirm or vacate arbitration awards below the jurisdictional threshold.

*See Curbelo v. Hita*, No. EP 09 CV 133 PRM, 2009 WL 2191084, at *3 (W.D. Tex. July 22,

2009) (dismissing action where plaintiff sought confirmation of award totaling $27,236.30); *Kearns v. MBNA Am. Bank, N.A.*, No. 3:04CV2034G, 2004 WL 2512742, at *1 (N.D. Tex. Nov. 5, 2004) (dismissing action where arbitration award was for $19,306.74    "well below the required amount in controversy for diversity jurisdiction"); *Mannesmann Dematic Corp. v. Phillips, Getschow Co.*, No. 3:00  CV  2324  G, 2001 WL 282796, at *2 (N.D. Tex. Mar. 16, 2001) (dismissing motion to confirm $64,035 arbitration award); *but see Pershing, LLC*, 2015 WL 184143 at *4 (adopting the demand approach and exercising jurisdiction over a complaint to confirm a $10,000 arbitration award).  In sum, because the amount-in-controversy requirement is not met, dismissal for lack of jurisdiction is warranted.

III.    Conclusion

        The Court has considered all arguments raised by the parties; those not addressed would not have changed the outcome.  In particular, because the Court finds that subject-matter jurisdiction is lacking, it does not reach Defendant's alternative argument for dismissal.  Based on the foregoing, the Court finds that subject-matter jurisdiction is lacking.  Defendants' Motion to Dismiss [15] is granted.

        A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

        **SO ORDERED AND ADJUDGED** this the 12th day of November, 2015.

                                        s/ *Daniel P. Jordan III*
                                        UNITED STATES DISTRICT JUDGE